# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DERRICK J. HARVEY** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **CIVIL NO. 08-cv-613-DRH** |
| ) | |
| **A. W. SHERROD,** ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner filed this action pursuant to 28 U.S.C. § 2241, seeking immediate release from custody, in reliance upon *Begay v. United States*, 128 U.S. 1581 (2008).

### PROCEDURAL BACKGROUND

In 1999, Petitioner pleaded guilty to one count involving the distribution of heroin and one count of using a firearm in connection with a drug-trafficking crime. He was found to be a career offender as defined by USSG § 4B1.1; he was sentenced to 210 months on the drug possession charge, and a consecutive 60-month sentence for the firearms charge. *United States v. Harvey*, Case No. 99-cr-0081-CAS (E.D. Mo., filed May 11, 1999). On direct appeal, he challenged his career offender status, arguing that his 1984 Missouri conviction for manslaughter did not constitute a crime of violence. The Eighth Circuit rejected that argument, affirming his conviction and sentence. *United States v. Harvey*, 242 F.3d 377 (8th Cir. 2000), *cert. denied*, 121 S.Ct. 2254 (2001).

Petitioner next raised the same argument in a motion under 28 U.S.C. § 2255, but that motion was denied, and he did not file a direct appeal from that decision. *Harvey v. United States*, Case No. 01-1824-CAS (E.D. Mo., filed Nov. 20, 2001). Undaunted, he then sought relief under 28 U.S.C. §2241, again challenging his career offender status. The district court denied that petition,

construing it as an unauthorized second or successive petition under § 2255. *Harvey v. McFadden*, Case No. 05-cv-1383-CAS (E.D. Mo., filed Aug. 26, 2005), *aff'd*, Appeal No. 09-1064 (8th Cir., decided Jan. 27, 2009).

Petitioner next went to the Eighth Circuit seeking leave to file a second or successive § 2255 motion, but that request was denied. *Harvey v. United States*, Case No. 05-4004 (8th Cir., June 7, 2006). Petitioner persisted, once again seeking relief under § 2241, but the district court construed his petition as yet another unauthorized second or successive petition. *Harvey v. McFadden*, Case No. 06-cv-3250-SOW (W.D. Mo., filed June 26, 2006). Petitioner states that he returned to the Eighth Circuit two more times seeking leave to file such a successive petition, but his requests were denied.

**ARGUMENT PRESENTED**

On April 16, 2008, the Supreme Court decided the case of *Begay*, holding that the New Mexico felony offense of driving under the influence of alcohol does not constitute a "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1). The Supreme Court reasoned that, unlike the examples provided in the statute ("burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another"), "statutes that forbid driving under the influence, such as the statute before us, typically do not insist on purposeful, violent, and aggressive conduct." *Begay*, 128 S.Ct. at 1586. Thus, to determine whether a prior conviction constitutes a "violent felony," or "crime of violence" as defined by 18 U.S.C. § 16, *Begay* mandates a two-part inquiry. First, the court must find that the potentially qualifying conviction "involves conduct that presents a serious potential risk of physical injury" to another. Second, the court must determine whether such conviction is "roughly similar, in kind as well as in degree of risk posed, to the examples" listed immediately prior to the phrase "involves conduct that presents a serious potential risk of physical injury to another." *Id.* at

1584-87.

Petitioner contends that this decision should apply to him, thus warranting his immediate release from custody. He believes that his 1984 conviction for manslaughter is not a violent felony and is, rather, more akin to a drunk-driving conviction, because it involved reckless, rather than purposeful, conduct.

> In the wake of *Leocal [v. Ashcroft*, 543 U.S. 1, 10 n. 7, 125 S.Ct. 377, 160 L.Ed.2d 271 (2004)], five other circuits have held that reckless crimes cannot be crimes of violence under Section 16(b). *See United States v. Zuniga-Soto*, 527 F.3d 1110, 1124 (10th Cir. 2008) (holding that reckless assault on a police officer was not a crime of violence); *United States v. Portela*, 469 F.3d 496, 499 (6th Cir. 2006) (holding that reckless vehicular homicide was not crime of violence); *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1129-31 (9th Cir. 2006) (en banc) (discussing *Leocal* and holding that reckless domestic violence was not a crime of violence); *Garcia v. Gonzales*, 455 F.3d 465, 468-69 (4th Cir. 2006) (holding that reckless assault was not a crime of violence); *Oyebanji v. Gonzales*, 418 F.3d 260, 263-65 (3d Cir. 2005) (holding that reckless vehicular homicide was not a crime of violence). These circuits have interpreted *Leocal* to limit the scope of Section 16(b) to crimes that require purposeful conduct, rather than negligent or reckless conduct.

*Jimenez-Gonzalez v. Mukasey*, 548 F.3d 557, 560 (7th Cir. 2008). The Seventh Circuit then held, specifically, that "reckless crimes are not crimes of violence under Section 16(b)." *Id.*

Petitioner's manslaughter conviction may or may not qualify as a crime of violence. Before the Court can make that determination, the preliminary question is whether the *Begay* decision applies retroactively to convictions that are already final. Also, if so, can the question be resolved under § 2241, or must Petitioner return to the Eighth Circuit to seek leave to raise the issue in a successive § 2255 motion?

**DISPOSITION**

**IT IS HEREBY ORDERED** that the motion for leave to proceed *in forma pauperis* (Doc. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that Respondent shall, within twenty-three (23) days of receipt of this application for Writ of Habeas Corpus, answer and show cause why the writ should

not issue.  Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.  In his response, Respondent shall address the following questions:

1. Does *Begay* apply retroactively to convictions already final?

2. If so, can § 2241 provide relief?

3. If so, does Petitioner's manslaughter conviction qualify as a violent felony or crime of violence?

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be referred to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

Petitioner's motions to expedite (Docs. 4, 8) are **MOOT**.

**IT IS SO ORDERED.**

**DATED:  February 13, 2009.**

/s/     DavidRHerndon  
**CHIEF JUDGE**  
**UNITED STATES DISTRICT COURT**