# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DERRICK J. HARVEY, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) Civil Case No. 08-613-DRH-PMF |
| A. W. SHERROD, Warden, | ) ) ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is Derrick J. Harvey's § 2241 amended habeas petition (Doc. No. 7). Harvey is attempting to use § 2241 as a vehicle to challenge his federal sentence. In particular, he claims that his 280-month sentence is excessive because one of his prior convictions (a 1984 Missouri conviction for manslaughter) no longer satisfies the "violent felony" requirement of the Armed Career Criminal Act. A response is on file, along with a reply (Doc. Nos. 13, 15).

In 1999, Harvey pleaded guilty to one count of possessing heroin with intent to distribute and one count of possessing a firearm during and in relation to a drug trafficking crime. He was sentenced as a career offender to serve consecutive prison terms of 210 months and 60 months. *U.S. v. Harvey*, No. 4:99-cr-81-CAS (E.D. Mo. Sept. 24, 1999). In support of his request for habeas relief, Harvey relies on a relatively new Supreme Court decision expanding the judicial analysis of the Armed Career Criminal Act's violent felony requirement. *Begay v. United States*, ___ U.S. ___, 128 S.Ct. 1581 (2008).

Harvey used his opportunity to take a direct appeal to argue – without success – that his Missouri manslaughter conviction was not a violent felony. The Eighth Circuit rejected the argument, finding that Harvey's 1984 manslaughter conviction constituted a crime of violence. *U.S. v. Harvey*, 242 F.3d 377 (8th Cir. Nov. 14, 2000). Although Harvey asked for rehearing *en banc*, that request was denied.

In 2001, Harvey filed a motion challenging his sentence under §2255. The sentencing court did not allow relief, finding that Harvey's challenge to his sentence was foreclosed by the Eighth Circuit's decision on direct appeal. *Harvey v. United States*, No. 4:01-cv-1824-CAS (E.D. Mo. May 27, 2003). Harvey's motion for reconsideration was also denied.

Harvey attempted to pursue § 2241 habeas litigation in the U.S. District Courts for both the Eastern and Western districts of Missouri. *Harvey v. McFadden*, No. 06-3250-cv-S-SOW-P (July 12, 2006); *Harvey v. McFadden*, No. 05-cv-1383-CAS (Sept. 24, 2007 and April 2, 2007).[1] He also sought certification from the Eighth Circuit Court of Appeals to bring a second or successive § 2255 motion.

Although Harvey properly filed his petition under § 2241, the initial inquiry is whether the petition is authorized by 28 U.S.C. § 2255, which provides, in pertinent part, that an application for a writ of habeas corpus shall not be entertained if it appears that the sentencing court denied relief, "unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

---

[1] The District Court for the Eastern District of Missouri ruled that § 2255 was not inadequate or ineffective to test the legality of petitioner's detention. Harvey made multiple unsuccessful efforts to reopen that litigation. He also sought a reduction of his sentence in a post-conviction motion filed under 18 U.S. C. § 3582(c)(2).

Section 2255 is inadequate or ineffective in unique circumstances – when a prisoner is unable to obtain judicial review of a legal theory that establishes his actual innocence. An example is when the Supreme Court announces a new, retroactive decision showing that a crime was not committed. *In re Davenport*, 147 F.3d 605 (7th Cir. 1998). The remedy is not inadequate or ineffective simply because a new Supreme Court decision shows that an error may have been made during the § 2255 proceeding. *Taylor v. Gilkey*, 314 F.3d 832 (7th Cir. 2002).

Harvey does not contend that he is innocent of the drug and firearm charges to which he pleaded guilty. Too much imprisonment is not the equivalent of innocence of the crime. *Unthank v. Jett*, 549 F.3d 534, 536 (7th Cir. 2008). Moreover, the direct review and collateral challenges outlined above show that § 2255 did provide Harvey with a full and fair opportunity to contest his sentence. Although Harvey's motion was denied, there was no "structural problem" foreclosing review of the claim he wanted to present. *Taylor v. Gilkey*, at 836; *Kramer v. Olson*, 347 F.3d 214, 217 (2003). Rather, his claim was considered by the Eighth Circuit on direct appeal.

Harvey's reliance on *Collins v. Holinka*, 510 F.3d 666 (7th Cir. 2007) is misplaced. This Court is entitled to determine whether Harvey's § 2241 petition must be dismissed under § 2255. The Court is also not persuaded by the other decisions discussed. In particular, *Poole v. Dotson*, 469 F.Supp.2d 329 (D.Md. 2007), has been reversed. *U.S. v. Poole*, 351 F.3d 263 (4th Cir. 2008).

IT IS RECOMMENDED that Derrick J. Harvey's § 2241 amended habeas petition (Doc. No. 7) be DISMISSED on the ground that it is precluded by § 2255.

**SUBMITTED:   April 9, 2009   .**

> *s/Philip M. Frazier*
> **PHILIP M. FRAZIER**
> **UNITED STATES MAGISTRATE JUDGE**