# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DERRICK J. HARVEY**,

**Petitioner,**

**v.**

**A.W. SHERROD, Warden,**

**Respondent.**  No. 08-CV-613-DRH

## ORDER

**HERNDON, Chief Judge:**

## INTRODUCTION

Before the Court is a Report and Recommendations ("R&R") (**Doc. 18**), issued pursuant to **28 U.S.C. § 636(b)(1)(B)** by Magistrate Judge Frazier. In the R&R, Magistrate Frazier recommends dismissing Petitioner Derrick J. Harvey's ("Harvey") petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (**Docs. 1 & 7**). Specifically, the conclusion of the R & R is that the petition should be dismissed, with prejudice, because it is barred by the provisions of 28 U.S.C. § 2255. That view is shared by the Respondent (**Doc. 13**).

The R&R was sent to the parties, with a notice informing them of their right to appeal by way of filing objections within ten days of service of the R&R. In accordance with the notice, Harvey filed timely objections to the R&R (**Doc. 19**). Because timely objections have been filed, this Court must undertake *de novo* review of the objected-to portions of the R&R. **28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b); Southern District of Illinois Local Rule 73.1(b);** *Govas v. Chalmers*, 965

F.2d 298, 301 (7th Cir. 1992)**. The Court may "accept, reject, or modify the recommended decision." **Willis v. Caterpillar Inc., 199 F.3d 902, 904 (7th Cir. 1999)**. In making this determination, the Court must look at all the evidence contained in the record and give fresh consideration to those issues for which specific objection has been made. *Id*. However, the Court need not conduct a *de novo* review of the findings of the R&R for which no objections have been made. **Thomas v. Arn, 474 U.S. 140, 149-52 (1985)**. Instead, the Court can simply adopt these findings. For the reasons discussed herein, the Court adopts the findings and recommendations of the R & R.

## BACKGROUND

Petitioner Harvey's post-conviction challenges to his sentence go back nearly a decade. In September 1999, he was sentenced in the United States District Court for the Eastern District of Missouri (**Cause No. 4:99-CR-0081-CAS**) after pleading guilty to one count of possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a) and one count of using or carrying a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. 924(c). The court sentenced Harvey as a "career offender" pursuant to section 4B1.1 of the United States Sentencing Guidelines. Harvey was sentenced to consecutive terms of imprisonment of 210 months on the drug possession charge and sixty months on the firearm charge.

### A. Direct Appeal

Harvey appealed his sentence. On appeal he argued that the District Court

plainly erred by classifying him as a career offender pursuant to U.S.S.G. § 4B1.1. Specifically, Harvey argued that his prior Missouri conviction for manslaughter was not a crime of violence for purposes of § 4B1.1 because the conviction was purportedly based upon "negligent" conduct. The 8th Circuit rejected Harvey's claims and affirmed his conviction and sentence by concluding that manslaughter does count as a crime of violence for purposes of U.S.S.G § 4B1.1. (**United States v. Derek Harvey**, **242 F.3d 377, 2000 WL 1694069 at \*1 (99-3699 EMSL, Nov. 14, 2000**).[1]

B. **Motion to Vacate Pursuant to § 2255**

In 2001, Harvey filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. His argument was, again, that the "career offender" status was inapplicable to him because his prior manslaughter conviction was not a crime of violence. The sentencing court denied the Motion, finding that Harvey's challenge was foreclosed by the 8th Circuit's decision on direct appeal. (**No. 4: 01-CV-1824-CAS**). Harvey did not appeal the Eastern District's denial of his motion.

---

[1]The standard for manslaughter in Missouri at the time of Harvey's conviction was "culpable negligence." *See State v. Teeter,* **633 S.W. 2d 417, 419 (Mo. Ct. App. 1982)**. In Missouri at that time, the rule was "well established" that "to be deemed culpable within the meaning of the manslaughter statute is something more than ordinary, common law, or actionable negligence. The culpability necessary to support a manslaughter charge must be so great as to indicate a reckless or utter disregard for human life." *Teeter,* **633 S.W. 2d at 419 (citing, *State v. Morris*, 307 S.W.2d 667, 672 (Mo.1957))**. Put another way, "[t]he fundamental requirement to fix criminal responsibility for the consequences of culpable negligence is knowledge actual or imputed that the negligent act would tend to endanger human life." *Id.* **(citing, *State v. Morris*, 307 S.W.2d at 672)**. Put still another way, culpable negligence "means disregard of the consequences which may ensue from the act, and indifference to the rights of others. No clearer definition, applicable to hundreds of varying circumstances that may arise, can be given." *Id.* (**citing, *State v. Kays*, 492 S.W.2d 752, 760 (Mo.1973)**.

### C. Motion Pursuant to § 2241

Harvey next filed a motion in the Eastern District of Missouri pursuant to 28 U.S.C. § 2241. This time he argued that his prior conviction was not a crime of violence based on the United States Supreme Court's decision in ***Leocal v. Aschcroft***, **125 S. Ct. 366 (2004)**, which concerned the parameters of a "crime of violence" for purposes of 18 U.S.C. § 16. Harvey's petition was rejected pursuant to 28 U.S.C. § 2255 because he failed to demonstrate that § 2255 was "inadequate or ineffective" to challenge his sentence. ***Harvey v. McFadden*, No. 4:05-CV-1383-CAS**.

### D. First Request for Permission to File a Successive Petition

In November 2005, Harvey sought leave from the 8th Circuit to file a successive motion pursuant to § 2255. In support of that application, Harvey again argued that ***Leocal v. Ashcroft,* 125 S. Ct. 366 (2004)** controlled and required that his conviction for manslaughter no longer be deemed a crime of violence for purposes U.S.S.G. § 4B1.1. The 8th Circuit rejected the application. ***Harvey v. United States*, No. 05-4004 (8th Circuit June 7, 2006)**.

### E. Second and Renewed Petitions Pursuant to § 2241

In 2006, Harvey attempted to make the same argument in the Western District of Missouri via a petition for writ of *habeas corpus*, and again was denied. ***Harvey v. McFadden*, No. 06-3250-CV-S-SOW-P**. He then attempted to reopen his § 2241 case in the Eastern District through a series of letters to the district court, which

again cited the ***Leocal*** case and also the 8th Circuit decision in ***United States v. McCall*, 439 F.3d 967 (8th Cir. 2006)**. In 2007 and 2008 the district court rejected each of the three attempts because he failed to show § 2255 was inadequate or ineffective and because he failed to obtain leave from the 8th Circuit to file a successive § 2255 motion. ***Harvey v. McFadden,* No. 4:05-Cv-1383**. Harvey appealed that decision, which the 8th Circuit denied. **No. 09-1064.**

### F. Second, Third and Fourth Requests for Permission to File Successive Petitions

In 2007 and 2008, Harvey petitioned the 8th Circuit for leave to file a successive petition pursuant to § 2255 on three occasions. In the first of those three attempts, **No. 07-3284 EMSL**, he again advanced the argument based upon ***Leocal***, and was denied.

In the second, **No. 08-1158**, he argued that the "culpable negligence" standard of the Missouri manslaughter statute (at the time he was convicted-*see* **FN 1**, *supra*) required a "categorical approach" to determine the precise conduct to which he pleaded guilty. That analysis, Harvey argued, would demonstrate that the conduct for which he pleaded guilty did not qualify as a crime of violence because it was merely negligent. Again, the 8th Circuit denied him relief because he failed to meet the requirements of § 2255 for a second or successive motion.

In the third attempt before the 8th Circuit, **No. 08-2060**, Harvey raised the recent Supreme Court decision in ***Begay v. United States*, 128 S. Ct. 1581 (2008)**, which is the same case he now raises in this Court. Specifically, he argued

that the Supreme Court's analysis of the Armed Career Criminal Act's ("ACCA") definition of a "violent felony" in the case required that his classification as a "career offender" pursuant to the § 4B1.1 be vacated and his sentence accordingly reduced. The petition was rejected, which leads to the current petition in this Court.

## ANALYSIS

A. **Harvey's Objections to the R & R**

**1.** Harvey's first "objection" to the R & R is that to dismiss his petition is "to say [*In re*] *Davenport* is no longer good law and the reasoning by the district court in *Sperberg v. Marberry*, **2008 WL 5061493** is incorrect." (**Doc. 19**). In this argument, Harvey is mistaken. His interpretation of *Davenport* is incorrect and the *Sperberg* case not only offers no precedential value, but also is unpersuasive in that it does not stand for the proposition Harvey seems to believe.

The Court can quickly deal with *Sperberg*. In the first place, the opinions of district courts are of no precedential value. ***See e,g., Midlock v. Apple Vacations West, Inc.*, 406 F.3d 453, 457-458 (7th Cir. 2005)**. Regardless, the cited order does not represent the final opinion of the district court on the matter before it. Rather, after analyzing the petitioner's claim, the court merely ordered the Respondent to respond to the petition. ***Sperberg*, 2008 WL 5061493 at * 4**. Nowhere does the court make any findings as to (a) its jurisdiction to hear the case; or (b) the merits of the petition before it. The case is of no precedential or even persuasive value to this Court's decision.

The case of *In re Davenport*, **147 F.3d 605 (7th Cir. 1998),** concerned the appeals from denials of applications pursuant to 28 U.S.C. § 2241 filed by two federal prisoners. *Davenport,* **147 F.3d at 606-608**. The first prisoner, Davenport, argued that he was erroneously sentenced as an armed career criminal because his prior burglary conviction was not a "violent felony." *Id.* **at 609-610**. Nichols, the second prisoner, argued he was "actually innocent" of using a firearm in a drug offense based on Supreme Court precedent subsequent to his conviction and initial petition pursuant to § 2255. *Id.* **at 610-611**.

Davenport previously appealed from his conviction and filed a motion pursuant to 28 U.S.C. § 2255 and was denied each time. *Davenport,* **147 F.3d at 609**. Without addressing the merits of his § 2241 petition, the court rejected Davenport's appeal because "nothing in 2255 made the remedy provided in that section inadequate to test the legality of his imprisonment." *Id*. In short, his petition pursuant to § 2241 was foreclosed by § 2255.

Davenport argued that it was unjust that he should have no remedy if he was innocent of being an "armed career criminal." *Id*. Addressing that argument, the court noted that Davenport was attacking his sentence and not his conviction because the ACCA is a sentence enhancement statute and not a crime. *Id*. The court stated that, if his claim had merit, he was innocent "only in a technical sense." *Id*. Being "innocent" of that status was not the same as arguing "actual innocence" of the crime of conviction. *Id*. **at 610**. Thus, Davenport's appeal was dismissed because

it was barred by § 2255. ***Id*. at 612**.

Nichols, too, had directly appealed his conviction and previously filed a § 2255 motion, and like Davenport, had both rejected. ***Davenport*, 147 F.3d 605, 607 (7th Cir, 1998)**. However, in his appeal of the denial of his § 2241 petition, Nichols, unlike Davenport, argued his "actual innocence" of the crime of conviction. ***Id.* at 607.** Nichols' argument was based on the the Supreme Court's decision in ***Bailey v. United States*, 516 U.S. 137, 116 S. Ct. 501 (1995)**, which changed the definition of "use" of a firearm in 18 U.S.C. 924(c) to no longer include mere "possession." ***Id.*** The change in law took place after his conviction and neatly skirted the exceptions in § 2255 allowing a second of successive petition. Section 2255 was "inadequate and ineffective" because it denied Nichols "any opportunity for judicial rectification of so fundamental a defect in his <u>conviction</u> as having been imprisoned for a nonexistent offense." ***Id.* at 611 (emphasis added)**. Put another way, Nichols advanced a legal theory that relied on a change in law that postdated his first § 2255 motion and failed to satisfy the provisions of § 2255 for successive motions. Further, he established that his legal theory supported "a non-frivolous claim of actual innocence" of the crime of conviction. That is the same standard Harvey must meet. ***Infra***.

The 7th Circuit considers the ACCA and U.S.S.G. § 4B1.1, including their terms "violent felony" and "crime of violence," to be interchangeable. ***United States v. Rosas*, 401 F.3d 843, 845 (7th Cir. 2005)**. Thus, Harvey is correct that the

***Davenport*** case is relevant to the case at bar. Unfortunately for Harvey, his claim is more akin to Davenport's than Nichols' claim. In fact, it's virtually identical. Like Davenport, Harvey is claiming "innocence" of a status that resulted in a sentencing enhancement and not innocence of the <u>crimes</u> <u>of</u> <u>conviction</u> that put him in federal prison. Thus, the ***Davenport*** case actually mandates the opposite result that Harvey argues. That conclusion is consistent with the citation to the case in the R & R and with later 7th Circuit cases that apply the holding. ***See e.g., Taylor v. Gilkey*, 314 F.3d 832, 835-836 (2002)**. Harvey's first objection is overruled.

**2.** Harvey's second objection is that the Magistrate erred by finding that because the court hearing his direct appeal found that his Missouri manslaughter conviction was a "crime of violence" for purposes of U.S.S.G. § 4B1.1, "there was no structural problem" that prevented his claim from being considered. Harvey's objection is again mistaken. The Magistrate's conclusion was that Harvey had opportunities to and in fact did raise his argument on direct appeal and in a § 2255 motion, thus indicating that there was no "structural problem" with § 2255 that prevented his claim from being heard. Those conclusions are a correct statement of the law, ***see e.g., Taylor v. Gilkey***, **314 F.3d 832, 836 ( 7th Cir. 2002)**, and as the record makes clear, ***supra***, are correct statements of fact.

Harvey argues that he could not have made the same argument on direct appeal or in his first § 2255 motion, because the law of the 8th Circuit was against him and because the case law on which he now relies had not yet been decided.

However, the record demonstrates that in the Eastern District of Missouri and the 8th Circuit Court of Appeals Harvey repeatedly raised the same argument he now raises.  It is true that ***Begay v. United States,* 128 S. Ct. 1581 (2008)**, ***Leocal v. Ashcroft,* 543 U.S. 1, 125 S. Ct. 377 (2004)**, and ***United States v. Torres-Villalobos,* 487 F.3d 607 (2007)** were not decided until after Harvey's direct appeal and initial § 2255 position, and thus, were not available to him at that time. [2] It is also true that in the 7th Circuit, the holding in ***Begay*** directly applies to the U.S.S.G. § 4B1.1 "career offender" classification and its definition of "crimes of violence" ***See United States v. Templeton,* 543 F.3d 378, 380-381 (7th Cir. 2008)**.  However, for the reasons stated in part B below, those facts are insufficient to overcome the jurisdictional hurdle in § 2255(e) over which Harvey has repeatedly stumbled in advancing this same claim.  Thus, Harvey's second objection is overruled.

### B.   Section 2255 Forecloses Review of Harvey's § 2241 Petition

The analysis of Harvey's *habeas corpus* petition in this Court, as with his previous *habeas corpus* petitions in other federal courts, begins and ends with 28 U.S.C. § 2255.  Typically, § 2255 is the exclusive means by which a federal prisoner may collaterally attack his conviction**. *Kramer v. Olson,* 347 F.3d 214, 217 (7th Cir. 2003)**.  A federal prisoner may not seek relief pursuant to 28 U.S.C. § 2241

---

[2] In any event, ***Leocal*** and ***Toress-Villalobos*** have no bearing on this Court's decision. Both cases concerned an interpretation of 18 U.S.C. § 16 and not U.S.S.G. § 4B1.1 or the ACCA. The definition of "crime of violence" used in 18 U.S.C. § 16 differs from that of the same term in U.S.S.G. 4B1.1.  ***See Bazan-Reyes v. Immigration and Naturalization Service*, 256 F.3d 600, 607-612 (7th Cir. 2001)**.

unless he can first show that § 2255 is "inadequate or ineffective" to test the legality of his detention. **28 U.S.C. § 2255(e)**.

In the Seventh Circuit, § 2255 is "inadequate or ineffective" in this context only in those cases in which the statute's provisions prevent a prisoner from obtaining judicial review of a legal theory that establishes his "actual innocence." ***Kramer, 347 F.3d at 217***. Thus, in order to succeed Harvey must show first that the legal theory he advances relies on a change in law that (a) postdates his first § 2255 motion(s) and (b) fails to satisfy the provisions of § 2255 for successive motions. ***Id*** Secondly, Harvey must establish that his legal theory "supports a non-frivolous claim of 'actual innocence.'" ***Id.***

Harvey relies on a legal theory post-dates his direct appeal and his first § 2255 motion. The ***Begay*** case on which his argument primarily relies was not decided until 2008, which was years after Harvey's direct appeal and initial § 2255 motion. ***Supra***. Harvey clears the first hurdle. Thus, the next step is to determine if that theory fails to satisfy § 2255's provisions governing successive motions.

In order to bring a second or successive motion pursuant to § 2255, a petitioner must convince the appellate court of the circuit of his conviction that (a) there is newly discovered evidence that clearly and convincingly establishes that no reasonable factfinder would have found the movant guilty of the crime of conviction; or (b) there is a new (and material) rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was not previously available.

**28 U.S.C. § 2255(h)(1-2)**. Harvey's legal theory is not based on "newly discovered evidence" demonstrating he is actually innocent of the crime of conviction. Nor is it based on a new rule of constitutional law. Rather, it is based on a decision of statutory construction by the Supreme Court. *See Begay v. United States*, **128 S. Ct. 1581 (2008)**. Thus, Harvey's legal theory does not fall within either of § 2255's provisions allowing second or successive motions and he passes the second hurdle. However, Harvey's petition stumbles on the last hurdle because, as will be made clear, his legal theory does not establish a "non frivolous" claim of actual innocence of the crimes to which he pleaded guilty.

Harvey claims he is "actually innocent," not of the federal crimes for which he pleaded guilty, but of being a "career offender" pursuant to U.S.S.G. § 4B1.1. He argues he is not a "career offender" because his prior manslaughter conviction, upon which the sentencing enhancement was partly based, required only a negligent or reckless level of *mens rea* and such crimes do not qualify as a "crime of violence" pursuant to ***Begay*** and its progeny. His claim, in other words, is that in retrospect the sentencing court misapplied the Sentencing Guidelines resulting in a lengthier sentence than he should have received for the crimes he pleaded guilty to committing. Unfortunately for Harvey's position, such claims are not appropriate for collateral review. ***Montenegro v. United States*, 248 F.3d 585, 596 (7th Circuit 2001) (citing, *Scott v. United States*, 997 F.2d 340, (7th Cir. 1993);** *also see,*

*In re Davenport*, **147 F.3d 605, 609-610 (7th Cir. 1998)**.[3]

Harvey was not <u>convicted</u> of being a "career offender." It is not a "crime" to be a "career offender." Rather, that status is a sentencing enhancement that acts to increase the sentence of a convicted defendant that meets the definition. ***See* U.S.S.G. 4B1.1**. It is intended to ensure increased sentences for recidivist offenders who committed crimes of violence or drug offenses. ***See United States v. Labonte*. 520 U.S. 751, 774, 117 S. Ct. 1673 (1997)**. Being innocent of being a career offender is innocence only in a "technical sense," which is insufficient to show that § 2255 is "inadequate or ineffective" and thus allow a § 2241 petition by a federal prisoner. ***In re Davenport*, 147 F.3d 605, 609-610 (7th Cir. 1998)**. Instead, such a claim is appropriate for a direct appeal or a § 2255 motion to vacate or modify sentence.

Harvey had his direct appeal and filed a § 2255 motion advancing, without success, the same argument he now makes (albeit without the case law he now cites). However, his lack of success or even the fact that, in retrospect, an error may have been made in his sentence, in denying his direct appeal, or in denying his § 2255 motion does not show § 2255 to be "inadequate or ineffective" as the law defines those terms. ***See Taylor v. Gilkey*, 314 F.3d 832, 835-836 (7th Cir. 2002)**. In sum, Harvey's claim falls short of the magnitude of error that is sufficient to allow

---

[3]The 7th Circuit overruled part III of ***Montenegro*** in ***Ashley v. United States*, 266 F.3d 671, 674 (7th Cir. 2001)**. The Court's citation to ***Montenegro*** does not fall within the overruled section of the case, which has no bearing on the Court's decision.

his petition to proceed on the merits.

In order to gain a review on the merits of his Petition, Harvey's legal theory cannot merely attack the length of his sentence, but must demonstrate a non-frivolous claim that he is actually innocent of the <u>crimes</u> for which he pleaded guilty. ***See Uthank v. Jett*, 549 F.3d 534, 535-536 (7th Cir. 2008); *Kramer v. Olson*, 347 F.3d 214, 217-219 (7th Cir. 2003); *In re Davenport*, 147 F.3d 605, 609-610 (7th Cir. 1998).** Arguments that a sentence enhancement was misapplied simply do not represent a fundamental miscarriage of justice that the law requires to allow a federal prisoner to collaterally attack his sentence pursuant to § 2241. ***See Uthank v. Jett*, 549 F.3d 534, 535-536 (7th Cir. 2008); *Kramer v. Olson*, 347 F.3d 214, 217-219 (7th Cir. 2003); *Cooper v. United States*, 199 F.3d 898, 899-901 (7th Cir. 1999); *In re Davenport*, 147 F.3d 605, 609-610 (7th Cir. 1998).** Thus, the Court finds that Harvey fails to demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention."

## **CONCLUSION**

What Harvey seemingly fails to grasp is that even if his legal theory is correct, which at first blush is questionable, this Court has no power to consider the merits of his § 2241 petition because §2255(e) prohibits such a review.[4] While Harvey may consider this result unfair or even unjust given his predicament, the law is well established. Except for very narrowly defined circumstances, Congress determined

---

[4] Of course, this Court also cannot entertain a § 2255 petition from Harvey because such petitions must be brought in the sentencing court. 28 U.S.C. § 2255(a).

that convicted prisoners are allowed a limited number of "bites at the apple" before all further collateral attacks on their sentence and conviction are cut off regardless of the merit of the legal argument. Harvey's argument does not meet those narrowly defined circumstances. Thus, the Court must deny his Petition.

Harvey is advised that pursuant to 28 U.S.C. § 2253(a), he has the right to appeal this decision. In order to do so, he must file a Notice of Appeal with the Clerk of the Southern District of Illinois within 30 days of judgment being entered. These instructions should not be construed as an invitation to appeal. Given the history of Harvey's post conviction challenges and his legal theory, the Court finds that any appeal from this order lacks good faith pursuant to 28 U.S.C. § 1915(a)(3).

In sum, the Court finds that Harvey fails to make a non-frivolous claim of actual innocence of the crime of conviction that is necessary to satisfy the 7th Circuit's standard for a federal prisoner to collaterally attack his sentence via 28 U.S.C. § 2241. Thus, pursuant to 28 U.S.C. § 2255(e), the Court is without jurisdiction to consider the merits of Harvey's § 2241 petition. Accordingly, Harvey's Petition is **DENIED** and **DISMISSED, WITH PREJUDICE**. The Clerk is instructed to **ENTER JUDGMENT** in favor of Respondent and against Harvey.

**IT IS SO ORDERED.**

Signed this 27th day of July, 2009.

/s/     *DavidRHerndon*
**Chief Judge**
**United States District Court**